UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYRIL SYDNEY OVERALL, *Pro Se*, | ) | Case No.: 1:18CV595 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| BEN CARSON, *et al.*, | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendants | ) | <u>AND ORDER</u> |

*Pro se* Plaintiff Cyril Sydney Overall filed this *Bivens* action against United States Department of Housing and Urban Development ("HUD") Secretary Ben Carson. In his Complaint, Plaintiff contends the Cleveland Metropolitan Housing Authority ("CMHA") is not responsive to his complaints about thefts from his apartment, and Carson, as the Secretary of HUD, is ultimately responsible for CMHA. He asserts violation of Article IV, Section 2 of the United States Constitution and seeks an Order from this Court requiring CMHA take appropriate action to ensure better security at his building. For the reasons discussed herein, Plaintiff's Complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(a)(3) for failure to state a claim upon which relief could be granted.

**Background**

Plaintiff claims he moved into the Lorain Square apartments, which are owned and operated

by CMHA, on November 30, 2011. He alleges that since March 2013, he has experienced a number of small thefts from his apartment, including two dress shirts, dress pants, a book, a bottle of Listerine, and small food items. He blames gang activity for his losses which he totals at $500.00. He also suggests these thefts are related to a previous theft of his cellular telephone from the Lakewood Public Library. Plaintiff claims that despite multiple letters and communication to the CMHA Police Department, they have not yet responded in the manner he expected. Plaintiff then wrote to other organizations, including the Federal Bureau Investigation, Senator Sherrod Brown, and Ben Carson. Carson did not respond in a manner that resolved the problem to Plaintiff's satisfaction, and as a result, Plaintiff brought this action against him. Plaintiff asserts he is entitled to relief under Article IV, Section 2 of the United States Constitution and asks the Court to order CMHA to provide better security at his apartment complex.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, Plaintiff fails to identify any particular individual constitutional right he believes Carson violated. He claims he is entitled to relief under Article IV, Section 2 of the United State Constitution; however, none of the clauses in this Article are relevant or applicable to the facts alleged in this case. Principles requiring generous construction of *pro se* pleadings are not without

limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudett*, 775 F.2d at 1278. Even liberally construed, the Complaint does not sufficiently state a plausible federal constitutional claim which Plaintiff can base a *Bivens* action.

Furthermore, even if Plaintiff had identified a viable cause of action, he has not alleged facts suggesting he can hold this Defendant liable for that violation. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff alleges CMHA was not responsive to his reports of thefts of his personal property. Carson is named as a Defendant only because he is the Secretary of HUD and CMHA receives funding from HUD. This is not sufficient to establish liability in a *Bivens* action. *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978). A Defendant can only be held liable for his own actions. The Complaint simply contains no facts which reasonably associate Carson with CMHA's response to his reports of criminal activity at his apartment complex.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28

4

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 27, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.